IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,

    Plaintiff,                                       No. CIV S-10-2457 KJM-KJN

    vs.

PNS STORES, INC., d/b/a Big Lots #04310,

    Defendant.                                  <u>ORDER</u>

_____/

        This matter comes before the court upon plaintiff's motion to amend the complaint, filed on March 17, 2011. (ECF 11.) No opposition to this motion was filed, and defense counsel confirmed there is no opposition at the April 27, 2011 initial scheduling conference for this matter. For the following reasons, and there being no timely opposition filed, plaintiff's motion to amend is hereby GRANTED.

I.      PROCEDURAL HISTORY

        Plaintiff filed his complaint in this court on September 13, 2010. (ECF 1.) Defendant filed its answer on November 5, 2010. (ECF 6.)

        Plaintiff filed the present motion to amend the complaint on March 17, 2011 (ECF 11), in light of a recent Ninth Circuit decision, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011).

1

II.  ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

Thus, leave to amend is rightly granted here, where the amendment will not cause defendant undue prejudice, is not sought in bad faith, is not futile, and does not create undue delay. Moreover, this amendment to the complaint is plaintiff's first.

II.  CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint is GRANTED. The Clerk is DIRECTED to file Exhibit A of Docket Number 11 as plaintiff's first amended complaint. Defendant shall file an answer within fourteen days of being served this order.

IT IS SO ORDERED.

DATED: April 29, 2011.

UNITED STATES DISTRICT JUDGE